UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRAMUKHRAJ HURON LLC<br>D/B/A HAMPTON INN & SUITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELECTIVE INSURANCE COMPANY<br>OF AMERICA,<br><br>　　　　Defendant. | Case No. 25-cv-00829-JPG |
| PRAMUKHRAJ HURON LLC<br>D/B/A HAMPTON INN & SUITES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SELECTIVE INSURANCE COMPANY<br>OF AMERICA,<br><br>　　　　Defendant. | Case No. 25-cv-01776-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Selective Insurance Company of America's Motion to Dismiss (Doc. 17). Defendant asks the Court to dismiss Counts 2, 3, and 4 of Plaintiff Pramukhraj Huron's complaint for failure to state a claim. Plaintiff filed a response (Doc. 21), and Defendant filed a reply (Doc. 24).

**I.    BACKGROUND**

Plaintiff alleges the following facts in its Complaint (Doc. 1). On July 28, 2023, Plaintiff renewed a commercial insurance policy with Defendant, and Defendant issued to Plaintiff the renewed insurance policy ("the Policy"), no. S2547470, to cover a Hampton Inn hotel operated

by Plaintiff at 5723 Heritage Crossing Dr., Glen Carbon, Illinois 62034 ("the Property"). The stated coverage period was from August 9, 2023, to August 9, 2024. Beginning August 20, 2023, Plaintiff began paying a monthly premium in the amount of $3,624.00 and continued to pay monthly premiums to Defendant at all relevant times in consideration for the Policy. The Policy specifically provides in the CAUSES OF LOSS – SPECIAL FORM SECTION, subsection F, that Defendant will "pay the cost to tear out and replace any part of the building or structure" caused by a water leak. In subsection G, the Policy defines "water damage" as "leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system."

On July 28, 2024, a water pipe ruptured in the Property. Water escaping from the ruptured pipe permeated the first and second floors of the Property. On the first floor, the water leak entered a carpeted hallway one hundred and seven (107) feet in length, the gym, electrical room, a meeting room, the meeting room storage closet, a maintenance room, a women's restroom, the office check-in area, the lobby, vestibule, breakfast area, breakfast storage closet, preparation area, and four (4) guest rooms. On the second floor, the water permeated a carpeted hallway sixty-eight (68) feet in length and two (2) guest rooms. Plaintiff reported the loss to Defendant. Defendant subsequently prepared a statement of loss stating a building claim total of $111,335.54 less a $5,000 deductible, resulting in a payment of $106,335.54 to Plaintiff. Plaintiff retained MBC Public Adjusters ("MBC") in Rockwall, Texas to prepare an estimate ("the MBC Estimate") to repair the damages on the property. The MBC Estimate totaled $347,320.26.

Plaintiff provided the MBC Estimate to Defendant. In response, on October 14, 2024, Defendant issued a letter to MBC asserting that "some of the damages sustained in the loss are

not covered" by the Policy. Defendant stated that it will "not pay for loss or damage caused by or resulting from any of the following" including "[w]ear and tear" and "[m]echanical breakdown." Defendant further claimed that the "pipe failed from vibrations from the booster pump." To date, Defendant has failed to provide Plaintiff with any viable evidence or professional opinion to support its claim that the "pipe failed from vibrations from the booster pump." In addition, Defendant failed to send a qualified professional to render the exclusion opinion that the "pipe failed from vibrations from the booster pump."

On May 1, 2025, Plaintiff filed a complaint in this Court. The complaint alleges four claims against Defendant: (1) breach of contract, (2) common law fraud, (3) a violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, and (4) unjust enrichment. Subsequently, on July 28, 2025, Plaintiff filed a complaint against Defendant in the Madison County Circuit Court. Defendant removed that case to this Court on September 15, 2025. *See Pramukhraj Huron LLC v. Selective Insurance Company of America*, No. 3:25-cv-1176-JPG. On September 29, 2025, the Court entered a Memorandum and Order that consolidated No. 25-cv-1776-JPG with No. 25-cv-829-JPG, made No. 25-cv-829-JPG the lead case, and required that all future filings be made only in No. 25-cv-829-JPG.

## II.  LEGAL STANDARD

### A. Rule 12(b)(6) Dismissal Standard:

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the

3

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556).

However, for fraud claims, a plaintiff must meet a more demanding standard. Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with particularity" requires a plaintiff to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). "The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before singing off on their clients' contentions." *Id.* at 439. The Rule 9(b) fraud pleading standard applies in this case to Counts 2 and 3, which both allege claims of fraud against Defendant. *See Breeze v. Bayco Products Inc.*, 475 F. Supp. 3d 899, 905 (S.D. Ill. 2020) ("A complaint alleging a violation of [the Illinois Consumer Fraud and Deceptive Business Practices Act] must be pleaded with the same particularity and specificity under Rule 9(b) as that required for common law fraud.").

### III.     ANALYSIS

A.  Count 3 – Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"):

Defendant contends that Plaintiff's ICFA claim fails because it is preempted by § 155 of the Illinois Insurance Act. Section 155 of the Illinois Insurance Act states, in relevant part:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>>
>> (b) $60,000;
>>
>> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

215 ILCS 5/155. "The statute provides an extracontractual remedy to policyholders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900 (Ill. 1996). "Ordinarily, a policyholder may bring a breach of contract action to recover the proceeds due under the policy. Pursuant to the statute, a plaintiff may also recover reasonable attorney fees and other costs, as well as an additional sum that constitutes a penalty." *Id.* at 900–01.

In *Cramer*, the Illinois Supreme Court held that an insurer's conduct can give rise to both a breach of contract claim and an independent tort claim. *Id.* at 904. Because § 155 provides a remedy for vexatious and unreasonable conduct, mere allegations of bad faith or vexatious and

5

unreasonable conduct are insufficient to state a claim for an independent tort. *Id.* In examining tort claims in this context, courts must "look beyond the legal theory asserted to the conduct forming the basis for the claim." *Id. Cramer* demonstrates that Plaintiff's ICFA claims are not necessarily preempted by § 155. *See Underwriters Lab'ys, Inc. v. Solarcom LLC,* No. 02 C 3933, 2002 WL 31103476, at *4 (N.D. Ill. Sept. 18, 2002); *Commonwealth Ins. Co. v. Stone Container Corp.*, No. 99 C 8471, 2001 WL 477151, at *3 (N.D. Ill. May 3, 2001) (finding a separate tort action appropriate where plaintiff alleged that defendant knowingly issued a policy that did not cover a loss while fraudulently representing that its policy did cover the loss); *Anchor Mortg. Corp. v. Certified Credit Reporting, Inc.*, No. 00 C 4248, 2000 WL 1700147, at *2–3 (N.D. Ill. Nov. 8, 2000) (finding a separate tort action appropriate where the defendant misrepresented its billing rates to plaintiff and deliberately overcharged it for credit information for more than five years). *But see Young v. Allstate Ins. Co.*, 812 N.E.2d 741, 757–58 (Ill. App. Ct. 2004) (finding a separate tort claim inappropriate when claim essentially based on defendant insurer's failure to pay amounts due under the insurance contract); *Leona's Pizzeria, Inc. v. Nw. Nat. Cas. Co.*, 203 F. Supp. 2d 930, 933 (N.D. Ill. 2002) (finding a claim that an insurer lied after the fact to avoid paying a claim amounted to no more than a claim for denial of benefits and breach of contract).

To succeed on a claim for deceptive conduct under the ICFA, Plaintiff must allege "(1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce." *Siegel v. Levy Org. Dev. Co.*, 607 N.E.2d 194, 198 (Ill. 1992). Plaintiff premises its ICFA claim on the Policy. It claims that "Defendant engaged in a deceptive act or practice by representing to Plaintiff that . . . the 'pipe failed from vibrations from the booster pump' in a letter to Plaintiff

6

dated October 14, 2024," and "Defendant made the statement as a pretext for refusing to indemnify Plaintiff for the loss" as required by the Policy. Looking at the conduct forming the basis of Plaintiff's ICFA claim, the Court concludes that Plaintiff has not stated a claim for an independent tort. At bottom, Plaintiff has based its ICFA claim on Defendant's failure to pay in accordance with its obligations under the Policy. Plaintiff has attempted to shoehorn this failure into fraud by alleging Defendant intentionally misrepresented the cause of the pipe failure to get Plaintiff to accept $106,335.54 for property damage assessed in the amount of $347,320.26. "A claim that an insurer is 'lying after the fact to avoid paying [a] claim' amounts to no more than [a] claim for denial of benefits and breach of contract, and is preempted by § 155." *Leona's Pizzeria,* 203 F. Supp. 2d at 933 (quoting *Cramer*, 675 N.E.2d at 905). Further, Illinois courts have "stated that an action which seeks as compensatory damages the same relief as available under the insurance policy is preempted by section 155." *Mazur v. Hunt*, 592 N.E.2d 335, 340 (Ill. App. Ct. 1992). In its ICFA count, Plaintiff states that it has been injured in the amount of $240,984.72—the difference between the amount of the property damage assessed ($347,320.26) and the amount Plaintiff received from Defendant for the damage ($106,335.54). This is the exact relief that Plaintiff seeks in its breach of contract claim. The alleged fraud has added nothing. The Court finds that Plaintiff's ICFA claim is preempted by § 155 of the Illinois Insurance Act. Therefore, Plaintiff cannot state a claim under the ICFA, and this claim will be dismissed without prejudice.

  B. <u>Count 2 – Common Law Fraud:</u>

  Defendant does not argue that Plaintiff's common law fraud claim is preempted by § 155 of the Illinois Insurance Act. However, Plaintiff's common law fraud claim is nearly identical to

its ICFA claim. In its common law fraud claim, Plaintiff alleges that Defendant made a false statement of material fact by representing to Plaintiff "that the 'pipe failed from vibrations from the booster pump' in a letter to Plaintiff dated October 14, 2024," and "Defendant made the statement as a reason for refusing to indemnify Plaintiff for property damage covered by the plain terms of the Policy." In other words, Plaintiff's common law fraud claim is based on Defendant's failure to pay in accordance with its obligations under the Policy. In addition, Plaintiff seeks the same relief in its common law fraud claim as it does in its ICFA claim. Because the Court already determined that Plaintiff's ICFA claim is preempted by § 155 of the Illinois Insurance Act, and it finds that the common law fraud claim and ICFA claim are based on the same conduct and seek the same damages, the Court concludes that Plaintiff's common law fraud claim is also preempted by § 155. As such, Plaintiff fails to state a claim for common law fraud. This claim will be dismissed without prejudice.

    C. <u>Count 4 – Unjust Enrichment</u>:

Unjust enrichment "is an equitable remedy based upon a contract implied in law." *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. App. Ct. 2004). Since it is an equitable remedy, it is "only available when there is no adequate remedy at law." *Id.* In other words, if "there is a specific contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Id.* "However, a party may plead claims in the alternative, *i.e.*, she may plead a claim for breach of contract as well as unjust enrichment." *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005). "Nonetheless, while a plaintiff may plead breach of contract in one count and unjust enrichment . . . in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for

8

unjust enrichment." *Id.* Here, Plaintiff's claim for unjust enrichment clearly includes allegations of an express contract. First, Plaintiff incorporates the allegations of its breach of contract claim into its unjust enrichment count. Second, the unjust enrichment count makes ten references to the Policy. Third, in the unjust enrichment count, Plaintiff is essentially alleging that it fulfilled its obligations under the Policy by paying its insurance premiums, and Defendant failed to satisfy its obligations in the Policy by refusing to pay for all the property damage. That is a claim for breach of contract. The fact that Plaintiff uses language associated with unjust enrichment does not transform a breach of contract claim into a claim of unjust enrichment. Accordingly, Plaintiff does not state a claim for unjust enrichment, and this claim will be dismissed without prejudice.

### IV.  CONCLUSION

The Court finds that Plaintiff's ICFA claim, and common law fraud claim are preempted by § 155 of the Illinois Insurance Act. In addition, it concludes that Plaintiff's unjust enrichment claim fails because it includes allegations of an express contract. Therefore, the Court GRANTS Defendant Selective Insurance Company of America's Motion to Dismiss (Doc. 17). Counts 2, 3, and 4 of Plaintiff's complaint are dismissed without prejudice. Plaintiff shall have up to and including January 8, 2026, to file an amended complaint that alleges sufficient facts to state a claim with respect to these counts.

**IT IS SO ORDERED.**
**DATED**:   December 9, 2025

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**